# FINANCIAL DISCLOSURE REPORT
## FOR CALENDAR YEAR 2019

*Report Required by the Ethics in Government Act of 1978 (5 U.S.C. app. §§ 101-111)*

| 1. Person Reporting (last name, first, middle initial) | 2. Court or Organization | 3. Date of Report |
|---|---|---|
| Easterbrook, Frank H. | Seventh Circuit | 05/13/2020 |

| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time) | 5a. Report Type (check appropriate type) | 6. Reporting Period |
|---|---|---|
| Circuit Judge - Active | ☐ Nomination   Date <br> ☐ Initial   ☑ Annual   ☐ Final <br> 5b. ☐ Amended Report | 01/01/2019 **to** 12/31/2019 |

**7. Chambers or Office Address**

219 South Dearborn Street
Chicago, Illinois 60604

**IMPORTANT NOTES:** *The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions )*

☐ NONE *(No reportable positions.)*

| | POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|---|
| 1. | Senior Lecturer | University of Chicago |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions )*

☑ NONE *(No reportable agreements.)*

| | DATE | PARTIES AND TERMS |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |

| Name of Person Reporting | Date of Report |
|---|---|
| **Easterbrook, Frank H.** | 05/13/2020 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions )*

### A. Filer's Non-Investment Income

☐ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|
| 1. 2019 | University of Chicago - salary | $29,000.16 |
| 2. 2019 | Harvard University Press - royalty | $1,001.31 |
| 3. 2019 | Leg, Inc. (West Academic) - royalty | $473.28 |
| 4. 2019 | Copyright Clearance Center - royalty | $61.16 |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*

*(Dollar amount not required except for honoraria.)*

☐ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE |
|---|---|
| 1. 2019 | Alaska Communication Systems Retirement Plan |
| 2. 2019 | State of Alaska Retirement Plan |
| 3. 2019 | CenturyLink Pension |
| 4. | |

## IV. REIMBURSEMENTS -- *transportation, lodging, food, entertainment.*

*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

☐ NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | Cornell Law School | February 15-17, 2019 | Ithaca, New York | Moot court | Transportation, lodging, and meals |
| 2. | Yale Law School | April 9-10, 2019 | New Haven, Connecticut | Moot court | Transportation, lodging, and meals |
| 3. | University of Oxford | May 16-24, 2019 | Oxford, England | Lectures | Transportation, lodging, and meals |
| 4. | | | | | |
| 5. | | | | | |

| Name of Person Reporting | Date of Report |
|---|---|
| **Easterbrook, Frank H.** | 05/13/2020 |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

☑ NONE *(No reportable gifts.)*

| SOURCE | DESCRIPTION | VALUE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

☑ NONE *(No reportable liabilities.)*

| CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

| Name of Person Reporting | Date of Report |
|---|---|
| **Easterbrook, Frank H.** | 05/13/2020 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A<br>Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset<br>exempt from prior disclosure | B<br>Income during<br>reporting period | | C<br>Gross value at end<br>of reporting period | | D<br>Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1)<br>Amount<br>Code 1<br>(A-H) | (2)<br>Type (e g ,<br>div , rent,<br>or int ) | (1)<br>Value<br>Code 2<br>(J-P) | (2)<br>Value<br>Method<br>Code 3<br>(Q-W) | (1)<br>Type (e g ,<br>buy, sell,<br>redemption) | (2)<br>Date<br>mm/dd/yy | (3)<br>Value<br>Code 2<br>(J-P) | (4)<br>Gain<br>Code 1<br>(A-H) | (5)<br>Identity of<br>buyer/seller<br>(if private<br>transaction) |
| 1. Vanguard 500 Index Fund | E | Dividend | P1 | T | | | | | |
| 2. Vanguard Prime Money Market Fund | | | | | | | | | |
| 3. | | | | | Buy<br>(add'l) | 04/15/19 | J | | |
| 4. | | | | | Sold<br>(part) | 04/26/19 | J | A | |
| 5. | | | | | Sold<br>(part) | 06/03/19 | J | A | |
| 6. Vanguard High-Yield Tax Exempt Fund | B | Interest | L | T | | | | | |
| 7. | | | | | Sold<br>(part) | 04/14/19 | J | A | |
| 8. TIAA Traditional Fund (in UC retirement account) | | None | L | T | | | | | |
| 9. CREF Stock R3 Fund (in UC retirement account) | | None | N | T | | | | | |
| 10. Vanguard High-Yield Corporate Fund (in IRA) | E | Dividend | N | T | | | | | |
| 11. Vanguard Short-Term Investment Grade Fund (in IRA) | B | Dividend | L | T | | | | | |
| 12. JPMorgan Chase Bank (checking account) | A | Interest | K | T | | | | | |
| 13. Vanguard Balanced Index Fund | E | Int./Div. | O | T | | | | | |
| 14. | | | | | Sold<br>(part) | 03/29/19 | K | C | |
| 15. | | | | | Buy<br>(add'l) | 06/07/19 | M | | |
| 16. | | | | | Buy<br>(add'l) | 06/10/19 | M | | |
| 17. | | | | | Sold<br>(part) | 12/06/19 | K | C | |

| 1 Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3 Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| **Easterbrook, Frank H.** | 05/13/2020 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A<br>Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset<br>exempt from prior disclosure | B<br>Income during<br>reporting period | | C<br>Gross value at end<br>of reporting period | | D<br>Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1)<br>Amount<br>Code 1<br>(A-H) | (2)<br>Type (e g ,<br>div , rent,<br>or int ) | (1)<br>Value<br>Code 2<br>(J-P) | (2)<br>Value<br>Method<br>Code 3<br>(Q-W) | (1)<br>Type (e g ,<br>buy, sell,<br>redemption) | (2)<br>Date<br>mm/dd/yy | (3)<br>Value<br>Code 2<br>(J-P) | (4)<br>Gain<br>Code 1<br>(A-H) | (5)<br>Identity of<br>buyer/seller<br>(if private<br>transaction) |
| 18. TIAA-CREF | | | | | | | | | |
| 19. Vang Inst Idx Inst Plus (TIAA) | | None | L | T | | | | | |
| 20. Vanguard Ttl Bd Mkt Idx InsPl (TIAA) | | None | O | T | | | | | |
| 21. Vang Federal Mny Mkt Inv (TIAA) | | None | M | T | | | | | |
| 22. Vang Inst Tg Rtm Inc Inst (TIAA) | | None | J | T | | | | | |
| 23. Vang Inst Idx Inst Plus (CREF) | | None | L | T | | | | | |
| 24. Vanguard Total InStixlsPs (CREF) | | None | M | T | | | | | |
| 25. Vang Ttl Bd Mkt Idx InsPl (CREF) | | None | O | T | | | | | |
| 26. Vang Federal Mny Mkt Inv (CREF) | | None | K | T | | | | | |
| 27. Vang Inst Rtm Inc Inst (CREF) | | None | J | T | | | | | |

| 1 Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3 Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of report.)*

1. (Part III.A): I have received the approval of the Chief Judge of the Seventh Circuit to teach at the University of Chicago. This income therefore is "outside earned income" rather than an "honorarium" within the meaning of the Ethics Reform Act of 1989. I accepted gross income exceeding the statutory cap (15% of Level II of the Executive Schedule) because, under §3(b) of the regulations of the Judicial Conference implementing this statute, "outside earned income" includes only net taxable income, and therefore excludes pension contributions as well as the "ordinary and necessary expenses paid or incurred in producing this income." Some of the income reported in Part III.A was contributed to a pension plan through the University of Chicago as part of a salary reduction plan and therefore does not count for statutory purposes. Moreover, the ordinary and necessary expenses of producing the income--including the cost of commuting between the courthouse and the Law School and the expenses of equipment and books for my Law School office--are substantial. Net taxable income is less than the statutory maximum.

2. (Part IV): Travel reimbursement for judicial business and other government reimbursement also omitted.

3. (Part VII): Dividends and capital gains from all mutual funds listed in Part VII are reinvested automatically.

4. (Part VII): Income from my TIAA-CREF retirement accounts is shown as "none" because TIAA-CREF does not supply income information. Statements show the change in each portfolio's value over the course of each quarter but not how much of that change is attributable to income (interest or dividends) and how much to change in the market price of the investments. It is accordingly impossible to disentangle these components.

5. (Part VII): My wife turned 70 1/2 in 2018, so in 2019 she became subject to required minimum distributions for income-tax reasons. The amounts shown as sold in the Vanguard Balanced Index Fund are the gross amounts required to be withdrawn, from which federal taxes were withheld and the rest left on deposit. (I could restate this, if necessary, showing the amount remitted as taxes as the amount sold, and either ignoring the amount put back into the fund or treating it as a new investment. Except for the tax payments, the money remains in the same fund under Vanguard's management, though outside of her IRA. Regulation 315.40(b)(5) states that mandatory distributions must be reported but does not give a preferred method of doing so.) The amounts shown as purchases in June 2019 represent rollovers from two AT&T pension funds managed by Fidelity. My wife elected lump sum distributions in lieu of monthly payments, then rolled the lump sums over to her Vanguard fund.

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature: **s/ Frank H. Easterbrook**

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILLFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544